■ In the Matter of the Claim of VINCENT J. LYNNE, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant. In the Matter of the Claim of HURDMAN R. WIESE, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held claimants, who are unemployed actors, entitled to benefits computed on their full salaries, as fixed by union contract, and without regard to the employer's allocation, for purposes of Federal income tax withholding and as permitted by the taxing authority, of 50% thereof as living expenses during the period their show was on the road. Under the contract, the weekly salaries of the claimants while in New York City were $120 and $100, respectively, and were $135 and $130, respectively, while on tour; and an applicable rule of the union provided for minimum salaries of $100 in New York City and $130 on the road. The decision follows *Matter of Sachse* (*Corsi*) (273 App. Div. 935) and is correct. Appellant relies solely on *Matter of Slavin* (*Lubin*) (6 A D 2d 956) which is not in point. There, the employer was exempt from contributions and became liable therefor only by agreement with the union, which had knowledge of the employer's procedure in computing the same upon the basis of the net amounts upon which Federal income taxes were withheld. Upon the record in this case, the board was entitled to recognize and effectuate the intent that the stipulated salaries be considered such for all purposes, including unemployment insurance contributions and benefits, except as the agreement may have been modified solely with respect to income tax withholding; and there was uncontroverted evidence that neither the claimants nor their union knew that unemployment insurance contributions were being made on the same basis. Decision unanimously affirmed, with one bill of costs to respondents.